**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| **v.** | **Criminal No.** 24-018 (FAB) |
| WILLIE TORRES GERENA, | |
| **Defendant.** | |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Before the Court is defendant Willie Torres-Gerena ("Torres")'s second motion to dismiss the indictment. (Docket No. 117.) The government opposes Torres's second motion. (Docket No. 121.) For the following reasons, Torres's second motion to dismiss is **DENIED**.

## I.    Background

On January 24, 2024, a grand jury issued a one-count indictment against Torres, charging him with knowingly transporting a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). See Docket No. 3. The indictment states that Torres "did knowingly transport an individual who had not attained the age of 18 years, that is, a 16-year-old female minor, in a commonwealth, territory or possession of the United States, with intent that the female minor

engage in any sexual activity for which any person can be charged with a criminal offense under the laws of the United States of America and Puerto Rico." Id. This language, which largely mirrors the statutory language of section 2423(a), requires the government to show that the defendant intended the minor to engage in a "criminal sexual activity," but does not specify what that activity is or which law it would violate.

On April 4, 2026, Torres filed a motion requesting that the government provide a bill of particulars and specify the statute and subsection of the statute underlying the indictment's allegation of "criminal sexual activity." (Docket No. 102.) The Court determined the motion was moot because the government provided the statute in the proposed jury instructions. (Docket No. 113.) On June 3, 2026, Torres then moved to dismiss the indictment for lack of specificity in the indictment. (Docket No. 117.) The government opposed. (Docket No. 121.) A jury trial is currently scheduled to begin on August 10, 2026. See Docket No. 116.

## II. Legal Standard

The Constitution guarantees, with exceptions not relevant here, that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury", and that "[i]n all criminal prosecutions, the

Criminal No. 24-018 (FAB)                                           3

accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amends. V, VI. The Federal Rules of Criminal Procedure effect these guarantees in part through the requirement that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

A defendant in a criminal case may move to dismiss an indictment before trial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Civ. P. 12(b)(3). The defendant may assert that there is a defect in the indictment, including "lack of specificity" and "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B).

The test for sufficiency of the indictment is defined by the indictment's functions. "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); see United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007). "Unlike a civil complaint that need allege facts that plausibly narrate a claim

Criminal No. 24-018 (FAB)                                                4

for relief, a criminal indictment need only apprise the defendant of the charged offense, so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." United States v. Rodríguez-Rivera, 918 F.3d 32, 34 (1st Cir. 2019) (citations and internal quotation marks omitted).

"An indictment must set forth each element of the crime that it charges." Almendárez-Torres v. United States, 523 U.S. 224, 228 (1998). And, "[w]here guilt depends so crucially upon such a specific identification of fact, . . . an indictment must do more than simply repeat the language of the criminal statute." Russell v. United States, 369 U.S. 749, 764 (1962).

A motion pursuant to Rule 12(b)(3)(B)(iii), however, does not "provide[] an occasion to force the government to defend the sufficiency of its evidence to be marshalled in support of proving the charged offense." Rodríguez-Rivera, 918 F.3d at 35. "[T]he government need not recite all of its evidence in the indictment." Stepanets, 879 F.3d at 372 (internal quotation marks omitted). "At the indictment stage, the government need not 'show,' but merely must allege, the required elements." United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014). "[W]hen a defendant seeks dismissal of the indictment, the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient

to apprise the defendant of the charged offense." Stepanets, 879 F.3d at 372 (internal quotation marks omitted).

## III. Discussion

Torres moves the Court to dismiss the indictment because the indictment "does not identify the alleged victim, where she was allegedly transported, or – most importantly – the criminal offense that Mr. Torres allegedly intended she engage in." (Docket No. 117 at p. 1.) He argues that "[t]he government has wholly failed to 'sketch out' the nature of the charge so that Mr. Torres 'can prepare a defense'" because the particular criminal act is not explicitly set forth in the indictment. Id. at pp. 5-6. This, he argues, renders the indictment constitutionally insufficient. The Court disagrees.

The First Circuit Court of Appeals has not taken a definite position on this question but has heavily implied that it does not view the predicate criminal sexual activity as an element of a section 2423(a) offense that must be stated in the indictment. See United States v. Berk, 652 F.3d 132, 138 (1st Cir. 2011) ("We have never held that identifying a specific criminal offense is a requirement in a section 2422 indictment . . . But we have not spoken to the question of whether the government is required to specify in an indictment what law is implicated . . . [And] courts generally -- including us in an unpublished decision -- have not

Criminal No. 24-018 (FAB)                                                    6

mentioned the particulars of the criminal offense when describing the elements of a section 2422(b)[1] violation.").  Other courts that have addressed whether an indictment must identify the criminal sexual activity underlying a section 2423(a) charge as a matter of constitutional sufficiency are split on the issue.  Compare United States v Thompson, 141 F. Supp. 3d 188, 196 (E.D.N.Y. 2015) ("Because unlawful sexual activity is the very core of criminality and central to every prosecution under [§ 2423(a)] — transporting or inducing a person to do nothing is not a crime — it must be stated with particularity."), with United States v. Doak, 47 F.4th 1340, 1352-53 (11th Cir. 2022) (holding that an indictment containing charges pursuant to section 2423(a) is legally sufficient even if it omits criminal sexual offenses underpinning because it is not an essential element of the offense); United States v. Lettieri, No. 1:21-CR-00020-LJV-MJR, 2023 U.S. Dist. LEXIS 96810, at *38 (W.D.N.Y. Feb. 27, 2023) ("Because the specific statute or statutes that the defendant's conduct would have violated does not constitute an essential element of the offense, the indictment is not insufficient for failing to identify an underlying criminal offense.").

---

[1] 18 U.S.C. § 2422(b) criminalizes enticement of a minor to perform "any sexual activity for which a person can be charged with a criminal offense[.]"  It is analogous to § 2423(a) in that it relies on an unspecified predicate criminal sexual activity.

The Eleventh Circuit Court of Appeals has indicated that "it [may be] best practice to include the statutes criminalizing the sexual activity that the defendant planned to inflict on the transported child." Doak, 47 F.4th at 1353 (11th Cir. 2022). The Court, however, finds that including those statutes is not constitutionally required because the underlying criminal offense is not an element of the offense and "only [a] means of showing that the pursued sexual activity was criminal." Id. "There [are] plenty of [ways] to violate section 2423(a) and the government [does] not omit an element of the offense by failing to list every possible law forbidding the acts [a defendant has] in mind" in the indictment. Id. Because the element of the offense is "criminal sexual activity as a general category . . . the specific state statutes [are] only means by which the jury could identify that the sexual activity was criminal." Id. Accordingly, the Court finds that the failure to include the underlying criminal sexual act in Torres's indictment does not render it constitutionally insufficient.

Torres also argues that the indictment is missing factual allegations that would allow him to properly defend himself against the charges. He briefly states that the indictment fails to state the victim's identity, and the location of where the victim was transported. (Docket No. 117 at p. 1.) "There is no requirement

that the name of the alleged victim must be disclosed in an indictment." United States v. Powell, 1 F. Supp. 2d 1419, 1424 (D. Ala. 1998). Presumably, the alleged victim's name was withheld from the "indictment pursuant to 18 U.S.C. § 3509, which protects the privacy of victims of child abuse." Id. Additionally, the government indicated that it has provided the information about the minor victim's identity to defense counsel, and that defense counsel was present at the female minor victim's interview. (Docket No. 121 at pp. 7-8.) The indictment also informs Torres that the victim was a sixteen-year-old female. Additionally, Torres has been informed of the date of the alleged transport of the female minor.[2] All this information is more than sufficient. Although the stated location where the alleged offense took place, "in the District of Puerto Rico," is admittedly broad, the adequacy of the indictment is assessed by the context of the crime charged. United States v. Coleman, 149 F.4th 1, 19 n.8 (1st Cir. 2025). Because the indictment provides the date and characteristics of the victim, the Court finds that the failure to specify the exact location where the offense took place with greater precision does

---

[2] If the government provided the minor victim's identity and the date she was transported to the defense, and if, as the government states, defense counsel was present at the female minor's interview — and the Court has no reason not to believe what the government indicates — then the defendant's argument that factual allegations are missing from the indictment sounds hollow, especially since the defendant did not refute the government's statements in its reply.

Criminal No. 24-018 (FAB)                                                9

not render the indictment insufficient.  <u>See United States v.</u>
<u>Tomasetta</u>, 429 F.2d 978, 980 (1st Cir. 1970).

Accordingly, the Court denies Torres' motion to dismiss the
indictment.

## IV.  Conclusion

For the above reasons, Torres' motion to dismiss the
indictment is **DENIED**.  (Docket No. 117.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 1, 2026.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE