**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff,**

        **v.**           **Criminal No.** 24-018 (FAB)

WILLIE TORRES-GERENA [1],

    **Defendants.**

**OPINION AND ORDER**

BESOSA, Senior District Judge.

Before the Court are several pre-trial motions filed by both defendant Willie Torres-Gerena ("Torres") and the United States (the "government"), including: (1) an omnibus motion *in limine* by the defendant to prohibit the government from introducing incomplete text-message screenshots, from making any reference to a restraining order and from referring to A.S.J. as a victim or minor (Docket No. 128); (2) an omnibus motion *in limine* by the United States regarding improper arguments (Docket No. 132); (3) a motion *in limine* by the defendant to exclude Federal Rule of Evidence 404(b) evidence ("Rule 404(b)"), evidence not previously designated, and testimony in violation of Confrontation Clause (Docket No. 133); (4) a motion to compel production by the defendant (Docket No. 134); (5) an omnibus motion filed by the United States (Docket No. 140); (6) a notice regarding expert

Criminal No. 24-018 (FAB)                                                    2

testimony by the defendant (Docket No. 147); and (7) a motion for a protective order pursuant to 18 U.S.C. §3509(d) by the United States. (Docket No. 159.)

For the reasons set forth below, the defendant's omnibus motion *in limine* to prohibit the government from introducing incomplete text-message screenshots, from making any reference to a restraining order and from referring to A.S.J. as a victim or minor is **GRANTED IN PART and DENIED IN PART** (Docket No. 128); (2) the United States' omnibus motion *in limine* regarding improper arguments (Docket No. 132) is **GRANTED**; (3) defendant's motion *in limine* to exclude Federal Rule of Evidence 404(b) evidence ("Rule 404(b)"), evidence not previously designated, and testimony in violation of Confrontation Clause (Docket No. 133) is **GRANTED**; (4) defendant's motion to compel production (Docket No. 134) is **GRANTED IN PART and DENIED IN PART**; (5) the United States' omnibus motion (Docket No. 140) is **GRANTED IN PART**; (6) defendant's request to reserve right to use rebuttal expert witness in his notice regarding expert testimony (Docket No. 147) is **DENIED**; and (7) the United States' motion for a protective order pursuant to 18 U.S.C. §3509(d). (Docket No. 159) is **GRANTED.**

## I.   Background

A grand jury returned a one-count indictment on January 24, 2024, alleging that Torres knowingly transported a 16-year-old

female minor, in a commonwealth, territory or possession of the United States, with intent that the minor engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (transportation of a minor with intent to engage in criminal sexual activity) ("section 2423(a)").  (Docket No. 3.)  Torres is alleged to have taken the 16-year-old, whose initials are A.S.J., from the municipality of Arecibo to the municipality of San Juan under the pretense of taking her to dinner.  On their way back to Arecibo, Torres is alleged to have taken A.S.J. to a motel in Arecibo where he committed lewd acts against her.  Trial was scheduled to commence on August 10, 2026, but is continued *sine die* for the reasons indicated in Section IV of this Opinion and Order.

## II.  Protection of the Victim's Identity

The Court will first address the government's motion to protect the victim's identity.  (Docket No. 140.)  Specifically, the government requests that the minor victim be referred to by an anonymized descriptor, that the victim's first and last name not be used together, that the minor's last name not be used during any court proceedings, and that any trial transcript refer to the victim by her initials or first name only.  Id.  Torres only opposes the request that the victim's "last name not be used during any court proceedings."  (Docket No. 154.)  He argues that the Child Victims' and Child Witnesses' Rights Act does not apply here

Criminal No. 24-018 (FAB)                                                    4

because the alleged sexual act is not criminalized based on A.S.J.'s age and she will be 20 or 21 years old when she testifies.  Id. at p. 1.

The Child Victims' and Child Witnesses' Rights Act "protects children under the age of eighteen who are or are alleged to be 'victim[s] of a crime of physical abuse, sexual abuse, or exploitation.'"  United States v. Putillion, No. 18-cr-00186, 2018 WL 5087238, at *1, 2018 U.S. Dist. LEXIS 179259, at *3 (S.D.W.V. Oct. 18, 2018) (quoting 18 U.S.C. § 3509(a)(2)(A)).  "Adult witnesses who were child victims are entitled to have their identity protected."  United States v. Weber, No. CR-17-5033-JLV, 2020 WL 5531562, *2, 2020 U.S. Dist. LEXIS 168713, *3-4 (D.S.D. Sept. 15, 2020) (collecting cases).  Therefore, the statutory protections of section 3509(d) apply to the victim here.  The victim's current age does not matter because the alleged offense occurred when she was a sixteen years old minor.  See United States v. Deschambault, No. 2:19-cr-00187-JAW-1, 2023 WL 3305173, at *3 (D. Me. May 8, 2023); see also Doe v. Menefee, 391 F.3d 147, 151 n.4 (2d Cir. 2004) ("The surnames of all victims who were minors at the time of the events in question have been redacted throughout this litigation in order to protect the victims' privacy").  Additionally, the First Circuit Court of Appeals in United States v. Anderson found that the use of minor's first name

Criminal No. 24-018 (FAB)                                                     5

was proper considering that the courtroom was not closed and it did not bolster the government's case.  See United States v. Anderson, 139 F.3d 291, 302 (1st Cir. 1998).  Similarly, here, the government is not requesting that the courtroom be closed, but that the victim's identity be protected by solely using her first name or her initials during court proceedings.  Accordingly, the victim will be addressed only by her first name or initials (A.S.J.).  The Court will issue a protective order separately.

**III. Torres's Motion to Compel Production**

**A.    A.S.J.'s Forensic Interview**

Torres moves the Court to compel the government to produce a copy of the video-recorded forensic interview of A.S.J. subject to a protective order.  (Docket No. 134.)  On July 31, 2026, the government stated that it "will in good faith provide defense counsel an audio only copy of [A.S.J.'s] forensic interview subject to a Protective Order.  (Docket No. 150 at p. 2.)  This would seem to end the matter, but Torres states that, as of August 4th (six days before trial), the government has not produced the interview.  (Docket No. 162.)  Because the Court will issue a protective order, the government must produce the audio of the interview.  Torres's motion to compel production of the interview is **GRANTED.**

Criminal No. 24-018 (FAB)                                              6

### B.    Agents' Rough Notes

Torres "believes he does not have all the agents' notes and documents related to the interviews conducted as part of [PRPB's] investigation."  (Docket No. 134 at p. 8.)  He states that the government indicated that it would disclose the rough notes in accordance with the scheduling order should the case proceed to trial, but that it has failed to do so. Id.  The government states it "has disclosed all Rule 16 discovery in its possession, including most of the Jencks material."  (Docket No. 150 at p. 5.)

Pursuant to Jencks v. United States, criminal defendants are entitled to inspect "relevant" and "competent" statements by witnesses who testify on behalf of the government.  353 U.S. 657, 667 (1957).  The Jencks court did not, however, identify when the United States is required to furnish this material.  Id.; see Ellen S. Podgor, Criminal Discovery of Jencks Witness Statements:  Timing Makes a Difference, 15 GA. ST. U.L. REV. 651 (1999) (noting that Jencks "was met with significant criticism" for this ambiguity) (citing Edward B. Williams, One Man's Freedom, p. 172 (Simon & Schuster, 1962) ("The Jencks decision raised a storm of conflict. It was widely predicted that every file would be opened to the forces of subversion and that law enforcement would become impossible.")).

Criminal No. 24-018 (FAB)                                                7

In response to this omission, Congress passed the Jencks Act in 1965, "hoping to strike a balance between issues of fairness to the defense and law enforcement needs." United States v. Snell, 899 F. Supp. 17, 24 (D. Mass. 1995); see 18 U.S.C. § 3500. The Jencks Act provides that:

> **After a witness called by the United States has testified on direct examination,** the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.

18 U.S.C. § 3500(b) (emphasis added).[1]  It is well settled that this statute "authorizes the government to withhold the recorded statements of a prospective government witness until the witness completes his direct testimony." United States v. Tejeda, 974 F.2d 210, 217 (1st Cir. 1992); see United States v. Kouri-Pérez, 47 F. Supp. 2d 166, 173 (D.P.R. 1999) (holding that "it is abundantly clear that district judges may not compel pretrial

---

[1] Federal Rule of Criminal Procedure 26.2 and the Jencks Act are substantially the same. FED. R. CRIM. P. 26.2; see 2A C. Wright & P. Henning, Federal Practice and Procedure, § 436 (4th ed. 2009) ("Rule 26.2 did two things.  It wrote into the rules what had been in the statutes as the Jencks Act, on the 'notion that provisions which are purely procedural should appear in the Federal Rules of Criminal Procedure rather than Title 18,' [and] provided for the production of the statements of defense witnesses") (quotation omitted).  To avoid redundancy, the Court refers exclusively to the Jencks Act.

Criminal No. 24-018 (FAB)                                                    8

disclosure of non-exculpatory <u>Jencks</u> materials prior to the conclusion of a witness' direct testimony") (Fusté, J.).[2]

"[R]ough notes are not discoverable under the Jencks Act because they are not substantially verbatim accounts and are not signed by the witness." <u>United States v. Manahe</u>, 22-cr-00013-JAW, 2022 WL 3113034, at *4 (Aug. 4, 2022) (citing <u>United States v. Sepúlveda</u>, 15 F.3d 1161, 1179 (1st Cir. 1993). Here, it is not clear from the briefs if the witnesses adopted the statements, but the concept of "rough notes" means that it is not a verbatim account. If Torres wishes to bring this issue to the Court's attention, he may request an *in camera* review of the rough notes. <u>See</u> <u>id.</u> Accordingly, Torres's request to produce the rough notes is **DENIED**.

---

[2] <u>See also</u> <u>United States v. Grandmont</u>, 680 F.2d 867, 875 (1st Cir. 1982) (holding that a "court may not compel the disclosure of statements of Government witnesses before the conclusion of their direct testimony"); <u>United States v. Owens</u>, 933 F. Supp. 76, 88 (D. Mass. 1996) (noting that "the overwhelming majority of cases – including cases from the First Circuit – adhere to the rule that is nearly absolute: district court judges may not, over the government's objection, compel pretrial disclosure of nonexculpatory Jencks Act material earlier than the close of the witness's testimony on direct examination"); <u>United States v. Kantengwa</u>, 2010 U.S. Dist. LEXIS 88133 *15 (D. Mass. July 29 2010) (holding that pretrial disclosure of witness statements is "a matter submitted to the government's grace. The government cannot be compelled by the court to do what Congress has said it does not have to do."); <u>United States v. Murphy</u>, 569 F.2d 771, 773 (3d Cir. 1978) ("The blunt command of the statute together with the unequivocal legislative history has led to the unbroken precedent in the Courts of Appeals denying to district courts the power to compel production of the statements of government witnesses until the conclusion of direct examination at the trial.") (citing cases).

Accordingly, Torres's motion to compel production of A.S.J.'s forensic interview is **GRANTED.** Torres's request to compel production of the agents' notes in **DENIED.**

### C.    Exclusion of A.S.J.'s Sexual Behavior and/or Sexual Predisposition pursuant to Rule 412

The government requests that Torres be prohibited to introduce evidence of A.S.J.'s sexual behavior and/or sexual predisposition. (Docket No. 140.) Torres argues that the government's request is premature because it has not yet produced A.S.J.'s interview and reserves the right to admit evidence pursuant to the exceptions in Rule 412.

Rule 412 provides that "evidence offered to prove that a victim engaged in other sexual behavior; or evidence offered to prove a victim's sexual predisposition" "is not admissible in a . . . criminal proceeding involving alleged sexual misconduct." Fed. R. Ev. 412(a). Th Court, however, may admit certain evidence, such as: (1) "evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;" (2) "evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor;" and (3) "evidence whose exclusion would violate the defendant's

Criminal No. 24-018 (FAB)                                              10

constitutional rights." Fed. R. Ev. 412(b). In order to determine if the evidence may be admitted, a party needs to file a motion describing the evidence, its purpose and must do so fourteen days prior to trial. Fed. R. Ev. 412(c). The Court must conduct an *in camera* hearing. <u>Id.</u>

The government argues that Torres has not filed a motion requesting admission of this type of evidence and should be precluded from introducing it at trial. (Docket No. 140 at p. 4.) Torres argues that he cannot know if any evidence will result from viewing A.S.J.'s forensic interview. As stated above, the government shall disclose the interview immediately so that Torres and his counsel may view it, translate it, and determine if there may be evidence that falls into any of the three exceptions established in Rule 412. Once Torres indicates to the Court if there is any evidence that falls within one of the three exceptions and may be used at trial (which Torres must do no later than 14 days prior to the trial), the Court will determine its admissibility in an *in camera* hearing. Therefore, the jury trial will be continued. Regardless, the Court will address the remaining motions *in limine*.

### D.    Screenshots of Text Messages

Torres moves to exclude screenshots from A.S.J.'s cellphone of two text message conversations that took place between

Criminal No. 24-018 (FAB)                                          11

A.S.J. and her friend, and A.S.J. and her boyfriend, respectively. (Docket No. 128 at pp. 2-10.)   He argues that the screenshots violate the rule of completeness pursuant to Federal Rule of Evidence 106 ("Rule 106"); the screenshots fail to satisfy authentication requirements pursuant to Rule 901; and the screenshots are unfairly prejudicial to Torres pursuant to Rule 403.   (Docket No. 128 at pp. 2-10.)   He also argues that the screenshots should be excluded because the government failed to comply with its duty to disclose favorable information under Brady v. Maryland, 373 U.S. 83 (1963) and the duty to preserve constitutionally material evidence pursuant to California v. Trombetta, 467 U.S. 479 (1984).   (Docket No. 1278 at pp. 9-10.)

E.    **Rule of Completeness pursuant to Rule 106 and Authentication**

Rule 106 states that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection."   Fed. R. Ev. 106.   First, Rule 106 "is not an exclusionary rule."   21 Wright & Miller's Federal Practice & Procedure § 5085 (2d ed.) (April 2026 update) [hereinafter, "Wright & Miller"].   That is, it "does not give the opponent the power to prevent the proponent from introducing an

Criminal No. 24-018 (FAB)                                           12

incomplete statement; it only gives him the power to require that the statement be completed or to complete it himself." Id. Accordingly, Torres's attempt to exclude the screenshots pursuant to Rule 106 is improper. "Second, it is well established that if properly authenticated (for example, by a witness with knowledge, such as a participant), screenshots of text messages and copies of electronic communications are admissible." United States v. Avenatti, 559 F. Supp. 3d 274, 281 (S.D.N.Y. Sept. 9, 2021). This is true even if the documents are cut from electronic communications, then pasted into word processing files. See United States v. Gagliardi, 506 F.3d 140, 151 (2d Cir. 2007) (finding properly authenticated e-mails and transcripts of instant-messages chat when a participant in those communications testified that they were accurate records of the conversations).

### F.   Unfairly Prejudicial pursuant to Rule 403

While Rule 106 requires the statement to be completed, "if a truncated statement cannot be adequately repaired or limited using the tools of Rule 106, the trial court can use the inability to obtain a result fair to the opponent for excluding evidence under Rule 403." Wright & Miller, § 5085. Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Rule 403 does not

protect against prejudicial evidence because virtually all evidence in a criminal proceeding is likely prejudicial in some way. United States v. Villa-Guillén, 102 F.4th 508, 518 (1st Cir. 2024) (citing United States v. Morales-Aldahondo, 524 F.3d 115, 119-20 (1st Cir. 2008) (additional citations omitted). To exclude evidence pursuant to Rule 403, the prejudice must be "unfair" and "substantially outweigh" its probative value. Id.; Fed. R. Evid. 403.

Torres argues that the screenshots have limited probative value due to the absence of reliable time indicators and due to their fragmentary nature. (Docket No. 128 at p. 6.) He also argues that admitting the screenshots are unfairly prejudicial because "the visible incompleteness of the screenshots will also invite jury speculation about the missing content." Id. at p. 7. The government counters that "[t]he screenshots are highly probative of the victim's contemporaneous statements and surrounding events." (Docket No. 144 at p. 3.) The government does not address Torres's argument that the screenshots are unfairly prejudicial. The proper question here is whether, on balance, the probative value is substantially outweighed by consideration of the consequences of admitting a partial statement under Rule 403. The partial texts can be probative of Torres's intent to transport A.S.J. for illicit sexual purposes, one of the

Criminal No. 24-018 (FAB)                                                14

elements of the crime.  See United States v. Chambers, 441 F.3d 438, 456-57 (6th Cir. 2006) (finding that diary entries were properly admitted because they went to elements of proof essential to the government's case).  So, as probative evidence, they are prejudicial "in the sense that they [are] damaging to the defendant." United States v. Vázquez-Soto, 939 F.3d 365, 375 (1st Cir. 2019).  But Rule 403 concerns only unfair prejudice.  The partial text messages may create a risk of unfair prejudice that includes the possibility of irretrievable parts of the texts containing exculpatory information.  This concern, however, can be mitigated through cross-examination of the witness.  At this juncture, the Court will decide this issue in the context of trial - the government may be allowed to offer the text messages so long as they are relevant, the proper foundation and authentication are established, and the messages do not constitute inadmissible hearsay.

G.   Violation of Constitutional Rights

Torres's final argument for the exclusion of the screenshots is that the government's failure to preserve the complete text messages recklessly disregarded his constitutional rights.  (Docket No. 128 at  pp. 10-11.)  He argues that the government failed to comply with its duty to disclose favorable information under Brady v. Maryland, 373 U.S. 83 (1963) and the

Criminal No. 24-018 (FAB)                                        15

duty to preserve constitutionally material evidence pursuant to California v. Trombetta, 467 U.S. 479 (1984) and Arizona v. Youngblood, 488 U.S. 51 (1988).  (Docket No. 128 at pp. 9-10.)

"The Supreme Court's jurisprudence divides cases involving nondisclosure of evidence into two distinct universes. Brady and its progeny address exculpatory evidence that is still in the government's possession.  Youngblood and Trombetta govern cases in which the government no longer possesses the disputed evidence." United States v. Femia, 9 F.3d 990, 993 (1st Cir.1993). This standard, culled from Trombetta, 467 U.S. at 488-89, and Youngblood, 488 U.S. at 58, establishes three hurdles.  The defendant must show that, in failing to preserve the evidence, the government, (1) acted in bad faith when it destroyed evidence, which (2) possessed an apparent exculpatory value and which (3) is to some extent irreplaceable.  See Femia, 9 F.3d at 993-94.

As the Court previously determined, A.S.J.'s cellphone is and was not in the government's possession.  See Docket No. 92. The government's duty to produce exculpatory evidence, includes "any favorable evidence known to others acting on the government's behalf in the case, including the police[,]"  United States v. Castro, 502 F Supp. 2d 218, 225 (D.P.R. 2007) (Gertner, J.), A.S.J. does not act on the government's behalf, she is a private

Criminal No. 24-018 (FAB)                                    16

party.  See Docket No. 92.  Therefore, the appropriate inquiry is under Youngblood and Trombetta.

Torres argues that the screenshots may contain exculpatory information but there is nothing in the screenshots themselves that make it apparent that the omitted text messages possessed exculpatory value.  Because its exculpatory value is not apparent, the Court can only assume it is potentially useful to the defense.  When the evidence is "potentially useful," "the presence or absence of bad faith by the government will be dispositive."  United States v. Esquilín-Montañez, 268 F. Supp. 3d 314, 317 (D.P.R. 2017) (Pérez-Giménez, J.).  Torres argues that bad faith exists because he informed the government of the screenshot's incompleteness through discovery correspondence and a motion to compel.  (Docket No. 128 at p. 10.)  The Court cannot find bad faith by the government.  This Court previously determined that the government did not need to produce an extraction of the phone and cannot now state that the government acted in bad faith for not doing so.  See Docket No. 92.  Finally, Torres claims that at the very least the government's inaction constitutes reckless disregard.  The standard here, however, requires bad faith. Esquilín-Montañez, 268 F. Supp. 3d at 317.  Therefore, there is no merit to Torres's claim of bad faith.

Criminal No. 24-018 (FAB)                                                                17

Accordingly, Torres's request to exclude the screenshots is **DENIED without prejudice**.    Torres, however, may make particularized objections to specific exhibits that the Government seeks to introduce at trial.

H.    **Restraining Order Against Torres**

Torres requests that any reference to a restraining order against him be excluded because the protective order issued by the Court of First Instance in Arecibo, Puerto Rico is irrelevant pursuant to Rule 401 and highly prejudicial pursuant to Rule 403.   (Docket No. 128 at p. 11.)   Torres argues that it is irrelevant because A.S.J.'s actions after the alleged event does not "inform what [Torres] intended while allegedly driving A.S.J. in his vehicle." (Docket No. 128 at p.11.)   The government states that it does not intend to introduce the protective order itself or suggest that Puerto Rico's Court of First Instance proceeding constitutes a determination of Torres's guilt.   (Docket NO. 144 at p. 5.)   The government, however, argues that A.S.J. should not be precluded from testifying about the protective order and that Torres's request is overbroad.   Id.

"Evidence is relevant if:   (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.   All relevant evidence is admissible

Criminal No. 24-018 (FAB)                                              18

unless excluded by the United States Constitution, federal statute, or other rule. Fed. R. Evid. 402. The Court agrees with Torres. The protective order is not relevant to the charged crime. It does not go to any element of the crime. Even if it did have probative value, its prejudicial effect substantially outweighs the probative value. There is a risk that the jury will use the issuance of the protective order as bolstering A.S.J.'s testimony. Its probative value may be higher if the protective order was sought before the alleged offense occurred. Therefore, Torres's request to exclude the restraining order is **GRANTED.**

**I.    Language used to refer to A.S.J.**

Torres also requests that any reference to A.S.J. as a "victim" or "minor" be excluded. (Docket No. 128 at pp. 12.) He first alleges that referring to A.S.J. as a victim deprives him of the right to be presumed innocent. Id.

Torres "fails to point to, and the Court is unable to find, any authority holding that reference to a complaining witness as a 'victim' violates a defendant's constitutional rights, including the presumption of innocence and the government's burden of proof." United States v. Moffitt, 588 F. Supp. 3d 1106, 1116 (D. Idaho 2022). While there is some merit that the word "victim" could be understood as vouching or of the presumption of innocence, that is not always the case. "[T]he manner, context, and frequency

Criminal No. 24-018 (FAB)                                          19

in which term is used will inform its meaning and connotations."
Id.

At this juncture, the Court is unaware if or how the government intends to refer to A.S.J. as a "victim," and will not issue a blanket prohibition of the use of the word.  Should the government intend to use the term "victim" with respect to A.S.J., the government should submit proposed curative jury instruction that the term "victim" refers to a person whom defendant allegedly subjected to criminal conduct.  Accordingly, Torres's request to preclude the government from referring to A.S.J. as a victim is **DENIED WITHOUT PREJUDICE.**

Torres next argues that referring to A.S.J. as a minor would be unduly prejudicial and confuse the jurors because A.S.J. is sixteen years old, which is the lawful age of consent in Puerto Rico.  (Docket No. 128 at p. 5.)  The government argues that regardless of Puerto Rico's age of consent, A.S.J. remained a minor under federal law.  (Docket No. 144 at p. 6.)  The government is correct.

Torres seems to be confusing the age of consent with the age of majority.  He is right that the age of consent in Puerto Rico is sixteen years old but that does not mean A.S.J. had reached the age of majority.  The government cites to 18 U.S.C. § 2256(1) to support the contention that A.S.J. is still a minor.  Section

2256(1) defines minor as "any person under the age of eighteen years."  18 U.S.C. § 2256(1).  While there is a difference between the federal age of majority in section 2423(a) and the age of consent to engage in sexual conduct in Puerto Rico, federal law controls and any discrepancy between the two does not affect this determination.  See Ortiz-Graulau v. United States, 756 F.3d 12, 22 (1st Cir. 2014).  The government, however, still bears the burden of establishing A.S.J. was sixteen years old or that she had not attained the age of eighteen.

Because trial has not yet occurred and the Court cannot presume that proper foundation will be laid, Torres's request is **DENIED WITHOUT PREJUDICE.**

## J.    Torres's Possession of a Firearm

Torres moves to exclude any reference to his lawful possession of a firearm because it is irrelevant.  (Docket No. 128 at p. 13.)  The government argues that "the anticipated testimony that defendant possessed and carried a firearm is offered to explain the victim's state of mind, including the fear she experienced and the reasonableness of her reactions during the charged offense."  (Docket No. 144 at p. 7.)  The government argues that the testimony is necessary to provide the jury with context to understand her conduct.  Id.  It is not clear what A.S.J.'s state of mind is relevant to the crime charged against Torres or

Criminal No. 24-018 (FAB)                                          21

how the possession of the firearm relates to the facts.  The government has only ever alleged that

> [Torres] was the boxing trainer of the female minor victim.  The defendant transported the female minor victim to San Juan under the pretenses of taking her to dinner. On the way back, Torres-Gerena took the female minor victim to a motel in Arecibo where he committed lascivious acts against her, in other words the defendant molested the female minor victim.

(Docket No. 105 at p. 7.)  There is no mention of an alleged use of a firearm in the commission of the crime.  Therefore, the Court does not see the relevance of Torres's lawful possession of a firearm in this case.  Accordingly, Torres's request is **GRANTED**.  The government shall not reference Torres's possession of a firearm.

## K.    Exclusion of Rule 404(b) Evidence

Torres requests that the government be prohibited from introducing character evidence pursuant to Federal Rule of Evidence 404(b).  The government does not intend to introduce any character evidence, but "reserves the rights to cross-examine witnesses regarding such evidence should [Torres] put his or the victim's character at issue during trial.  (Docket No. 145 at p. 2.)

Pursuant to Rule 404(b), "evidence of any other crime, wrong, or other act is not admissible to prove a person's character

Criminal No. 24-018 (FAB)                                                    22

in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b), however, is not exclusionary and allows for evidence of a previous crime to be admitted in order to prove something other than character such as "preparation, plan, [or] knowledge." Fed. R. Evid. 404(b)(2); United States v. Landry, 631 F.3d 597, 602 (1st Cir. 2011); United States v. Escobar-de Jesús, 187 F.3d 148, 169 (1st Cir. 1999).

Because the government does not intend to introduce Rule 404(b) evidence, Torres's request is **GRANTED**.

### L.    Torres's Personal Background and Health

The government requests that Torres be precluded from introducing evidence or making statements about his family circumstances, finances, pertinent personal background information or his current health condition to invoke the jury's sympathies. (Docket No. 132 at pp. 2-3.) Torres opposes and argues that the request is premature. (Docket No. 152 at pp. 2-3.) It is "improper to needlessly arouse the emotions of the jury" and the parties therefore may not "interject issues having no bearing on the defendant's guilt or innocence and improperly appeal[s] to the jury to act in ways other than as dispassionate arbiters of the facts." United States v. De La Paz-Rentas, 613 F.3d 18, 26 (1st Cir. 2010). A defendant's personal circumstances and character,

Criminal No. 24-018 (FAB)                                                  23

however, are sometimes admissible. See e.g., Fed. R. Ev. 405
(Methods of Proving Character).  Therefore, "[w]ithout infringing
in [Torres's] ability to present evidence for his defense, the
Court finds that any argument or evidence designed to invoke
sympathy in the jury, including personal or [financial] hardships,
is prohibited."  United States v. Díaz-Nieves, Crim No. 24-00087,
2025 WL 1235492 at *2 (D.P.R. April 29, 2025) (Méndez-Miró, J.).
The Court, however, cannot anticipatorily rule on the
admissibility of evidence or testimony about Torres's current
health; instead, the Court will rule on the testimony if and when
it arises at trial.  The government's request is **GRANTED IN PART
and DENIED IN PART.**

###### M.    Specific Instances of Character Evidence

The government requests that Torres be precluded from
"introducing testimony from any character witness regarding:
(a) any specific instances of the defendant's conduct and (b) the
defendant's propensity to be involved in child exploitation
crimes."  (Docket No. 132 at pp. 3-4.)  Torres opposes to the
extent it could be read to preclude proper reputation or opinion
testimony on pertinent traits.  To the extent that the government
is asking the Court to enforce the Federal Rules of Evidence at
trial, the motion is **GRANTED.**  Any specific objections, however,
will be dealt with during trial.

Criminal No. 24-018 (FAB)                                                    24

### N.    Presence of Witnesses During Trial

Torres has requested that the Court exclude witnesses from the courtroom so that they may not hear the testimony of other witnesses in line with Federal Rule of Evidence 615(a).  (Docket No. 133); see U.S. v. Sepúlveda, 15 F.3d 1161, 1176 (1st Cir. 1993).  The government does not object to this request and therefore it is **GRANTED**.  Torres also requests that he and the case agent be exempted from this rule and be allowed to discuss their testimony with the attorneys involved in the case provided no witnesses are present.  The Court likewise **GRANTS** this request. As the defendant, Torres should, of course, be present during the trial.  The case agent is allowed to be in Court throughout the trial.  If Torres decides to testify, however, he may not confer with his counsel while his testimony is ongoing.

### O.    Exclusion of Evidence Not Designated or Discovered

Torres requests that the government be barred from introducing any evidence not designated and not previously discovered.  (Docket No. 133.)  The government recognizes its continuing duty to disclose evidence favorable to Torres but argues that "there is no automatic exclusion of evidence because it was not previously discovered, unless those discovery violations seriously affect the trial."  (Docket No. 145 at p. 3.) Additionally, the government requests that Torres be precluded

Criminal No. 24-018 (FAB)                                                      25

from "introducing any statement, or asking any questions regarding defense exhibits that have not been supplied to [the government] prior to trial."  (Docket No. 132 at p. 2.)  The Court finds both Torres's and the government's motions to be premature and will make determinations as to the admissibility of evidence as the need arises.  This request is therefore **DENIED WITHOUT PREJUDICE.**

> **P.    Exclusion of Testimony in Violation of the Confrontation Clause**

Torres next requests that the Court prohibit the government from violating the confrontation clause of the United States Constitution as interpreted in Crawford v. Washington, 541 U.S. 36 (2004); United States v. Casas, 356 F.3d 104 (1st Cir. 2004); and others.  (Docket No. 133.)  According to Torres, the Court should prohibit the government from introducing hearsay couched in summary witness or "overview" testimony.  To the extent that Torres is asking the Court to prohibit the government from violating constitutional protections the motion is **GRANTED.** Additional hearsay objections, however, will be dealt with during trial.

> **Q.    Plea Negotiations and Offers to Stipulate**

The government moves to preclude Torres and defense counsel from making any reference to occurrence and/or substance of any plea negotiations and any offers to stipulate.  (Docket No.

Criminal No. 24-018 (FAB)                                                    26

132 at pp. 1-2.)   Torres does not oppose the requests but asks
that the government also be precluded from making any reference to
plea discussion or offers to stipulate.   (Docket No. 152 at pp. 1-
2.)   Both requests are **GRANTED**.   Torres and the government will
not make any reference to plea discussions and offers to stipulate.


### R.    Expert Testimony

On July 31, 2026, Torres filed a motion notifying that
he did not intend to offer expert testimony but reserved the right
to offer expert testimony in rebuttal or in response to evidence
or expert testimony presented by the government.   (Docket No. 147.)
The government opposes the request.   (Docket No. 163.)

Pursuant to Federal Rule of Criminal Procedure
16(b)(1)(C)[3], the defendant must disclose any testimony he intends

---

[3]     **(i) Duty to Disclose.** At the government's request, the defendant must
disclose to the government, in writing, the information required by (iii) for
any testimony that the defendant intends to use under Federal Rule of Evidence
702, 703, or 705 during the defendant's case-in-chief at trial, if:
    • the defendant requests disclosure under (a)(1)(G) and the government
complies; or
    • the defendant has given notice under Rule 12.2(b) of an intent to
present expert testimony on the defendant's mental condition.

**(ii) Time to Disclose.** The court, by order or local rule, must set a time
for the defendant to make the defendant's disclosures. The time must be
sufficiently before trial to provide a fair opportunity for the government to
meet the defendant's evidence.

**(iii) Contents of the Disclosure.** The disclosure for each expert witness
must contain:
    • a complete statement of all opinions that the defendant will elicit
from the witness in the defendant's case-in-chief;
    • the bases and reasons for them;

to use during his case-in-chief.  Torres seeks to reserve the right to offer expert testimony in rebuttal, but the only way Torres can rebut the government's testimony is with his own expert witness in his case-in-chief.  Pursuant to Rule 16(b)(1)(C), the witness must be disclosed sufficiently before trial.  At this stage, Torres is aware of the government's expert witness and whether he needs to rebut it with his own expert.  Accordingly, Torres's request is **DENIED**.

## IV.  Conclusion

For the reasons set forth above, the defendant's omnibus motion *in limine* is **GRANTED IN PART and DENIED IN PART.**  (Docket No. 128.)  Torres's request to prohibit the government from introducing incomplete text-message screenshots is **DENIED WITHOUT PREJUDICE;** Torres's request to prohibit the government from making any reference to a restraining order is **GRANTED.**  Torres's request that A.S.J. should not be referred to as a victim or minor is **DENIED WITHOUT PREJUDICE.**

The United States' omnibus motion *in limine* regarding improper arguments (Docket No. 132) is **GRANTED IN PART AND DENIED IN PART.**  Neither party shall refer to plea negotiations and offers

---

- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Criminal No. 24-018 (FAB)                                                      28

to stipulate.  The government's request that Torres be prohibited from introducing testimony of specific instances of his conduct is **GRANTED.**    Evidence about Torres's personal background about personal or financial hardships is prohibited.  Evidence about Torres's health will be ruled on at trial.

Defendant's motion *in limine* to exclude Federal Rule of Evidence 404(b) evidence ("Rule 404(b)"), evidence not previously designated, and testimony in violation of Confrontation Clause (Docket No. 133) is **GRANTED.**

Defendant's motion to compel production (Docket No. 134) is **GRANTED IN PART and DENIED IN PART.** The government shall produce A.S.J's forensic interview.  Torres's request that the government produce agents' rough notes is **DENIED.**

The United States' omnibus motion (Docket No. 140) is **GRANTED IN PART.**  The victim will be referred to by her initials or her first name.  The government's request to prohibit Torres from admitting evidence of A.S.J.'s sexual history and/or predisposition is deferred until the forensic interview is produced, translated, received by the defense, and the defendant can identify, no later than 14 days before trial, if any of the three exceptions in Rule 412 applies; at that time, the Court can review the interview and defendant's identification of any of the Rule 412's exemptions *in camera*.

Criminal No. 24-018 (FAB)                                          29

Defendant's request to reserve right to use rebuttal expert witness in his notice regarding expert testimony (Docket No. 147) is **DENIED.**

The United States' motion for a protective order pursuant to 18 U.S.C. §3509(d) (Docket No. 159) is **GRANTED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 6, 2026.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES SENIOR DISTRICT JUDGE