**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff,**<br>**v.**<br>WILLIE TORRES-GERENA [1],<br>**Defendant.** | **Criminal No.** 24-018 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Before the Court are defendant Willie Torres-Gerena ("Torres")'s motion to strike the residual clauses of 33 L.P.R.A. section 5191(h) and section 5194(g) from the jury instructions proposed by the United States of America, or if denied, for a limiting instruction (Docket No. 148), and Torres' supplemental motion to strike proposed jury instructions. (Docket No. 178.) For the reasons set forth below, Torres' motion to strike the residual clause is **DENIED**; Torres' supplemental motion is **GRANTED IN PART.**

On April 30, 2026, the government filed its proposed jury instructions, which included two Puerto Rico state laws to be used as the predicate criminal sexual activity that Torres could be charged with, i.e., P.R. Laws Ann. tit. 33, §§ 5191, 5194. (Docket No. 112 at pp. 18-19.) On July 31, 2026, Torres filed a motion to

strike the residual clause of section 5191(h)[1] and section 5194(g)[2] from the jury instructions. (Docket No. 148.) The government opposed. (Docket No. 164.) On August 21, 2026, Torres filed a supplemental motion to strike. (Docket No. 178.) The government responded. (Docket No. 183.)

Pursuant to Federal Rule of Criminal Procedure 30, "any party may request in writing that the court instruct the jury on the law as specified in the request." Fed. R. Crim. P. 30(a). A party may object to any portion of the instructions and inform the court of the ground for the objection. Fed. R. Crim. P. 30(c). For the Court to give a proposed jury instruction, the instruction must be (1) correct as a matter of substantive law, (2) not already substantially incorporated elsewhere in the instructions, and (3) "integral to an important point in the case." See United States v. McLellan, 959 F.3d 442, 467 (1st Cir. 2020) (quoting

[1] P.R. Laws Ann. tit. 33, § 5191(h) states:

> When the accused person takes advantage of the trust placed in him or her by the victim over sixteen (16) years of age with whom there is a relationship of superiority by reason of having him or her in his custody, guardianship, primary or secondary education or special medical or psychotherapeutic treatment, counseling of any kind, or because there is a leadership relationship of religious belief with the victim or **of any other kind with the victim.**

[2] P.R. Laws Ann. tit. 33, § 5194(g) states:

> When the accused person takes advantage of the trust placed in him or her by the victim because of the existence of a relationship of superiority by reason of having him or her in his or her custody, guardianship, primary, secondary, university or special education, medical or psychotherapeutic treatment, counseling of any kind, or because of the existence of a leadership relationship of religious belief or **of any kind with the victim.**

United States v. Baird, 712 F.3d 623, 628 (1st Cir. 2013)). A party is not entitled to an instruction unless the instruction is supported by the evidence introduced at trial. Matalon v. Hynnes, 806 F.3d 627, 637 (1st Cir. 2015).

Torres moves the Court to exclude (1) the entire instruction on sexual assault pursuant to section 5191 (Docket No. 148), (2) the residual clause in both section 5191(h) and section 5194(g), id., (3) subsection (f) of section 5191 and subsection (e) of section 5194 pertaining to the victim being "unaware of the nature of the act" (Docket No. 178), and (4) subsection (d) of section 5194 pertaining to the use of deceptive means. Id.

The government opposes Torres' request to strike section 5191 entirely, and the residual clause in section 5191(h) and section 5194(g). The government, however, does not object that section 5191(f) and 5194(e) be stricken from the jury instructions. The government also requests that the Court wait until all the evidence has been presented to determine whether section 5194(d) should be stricken from the instructions. (Docket No. 183.) Because the government does not oppose that section 5191(f) and section 5194(e) be stricken from the jury instructions, the Court **GRANTS** this request. The Court now turns to Torres' other requests.

Torres argues that section 5191 should be excluded completely because the government's theory of the case does not cover sexual

assault, only lewd or lascivious acts. At this time, the Court will not exclude the instruction on section 5191 altogether. To know if Torres intended to commit "sexual activity for which any person can be charged with a criminal offense," 18 U.S.C. § 2423(a), the jury has to know what kind of "sexual activity" constitutes a criminal offense in Puerto Rico. See United States v. Dávila-Nieves, 670 F.3d 1, 8 (1st Cir. 2012) (upholding the judge's decision to instruct the jury on the offense of sexual assault under Puerto Rico law in a prosecution under 18 U.S.C. § 2422(a) because "where a federal prosecution hinges on an interpretation or application of state law, it is the district court's function to explain the relevant state law to the jury"); United States v. Rodríguez-Rodríguez, 663 F.3d 53, 58 (1st Cir. 2011) ( "In order for the jury to determine" whether the defendant violated § 2422(b), "it had to be instructed on Puerto Rico law."). Therefore, the court must instruct the jury as to what the criminal sexual activity could entail. Accordingly, Torres' request is **DENIED without prejudice.** The Court will determine whether to strike section 5191 entirely from the jury instructions after all the evidence has been submitted. If the government has failed to demonstrate how section 5191 could be a predicate state law offense at the close of its case in chief, Torres may move to strike the instruction.

Torres next requests the exclusion of the residual clause in section 5191(h) and 5194(g). Torres takes issue with the following language: "[w]hen the accused person takes advantage of the trust placed in him or her by the victim over sixteen (16) years of age with whom there is a relationship of superiority . . . because there is a leadership relationship of religious belief with the victim or **of any other kind with the victim.**"[3] P.R. Laws Ann. tit. 33, §5191(h) (emphasis added).

Torres first argues that a "leadership relationship" is not defined, and that the language "of any other kind with the victim" should be limited to leadership relationships analogous to those of religious belief. (Docket No. 148 at p. 9.) The Court finds that the phrase "of any other kind with the victim" modifies the phrase "leadership position." So, the leadership relationship need not only be one of religious belief; it can be a secular leadership relationship. This is underscored by the numerous secular positions of authority listed earlier in the statute (guardianship, education, medical, counseling). See P.R. Laws Ann. tit. 33, § 5191(h), 5194(g); see also United States v. McKelvey, 203 F.3d 66, 71 (1st Cir. 2000) ("The principle of ejusdem generis . . . states that where general words . . . follow

[3] Section 5194(g)'s residual clause reads a bit differently. It states, ". . . of any kind with the victim."

the enumeration of particular classes of things . . . the general words will be construed as applying only to things of the same general class as those enumerated.”)

Subsections 5191(h) and 5194(g) reproach the fact that an accused takes advantage of his superior status to gain access to the victim. Dora Nevares-Muñiz, Código Penal de Puerto Rico (Ley 146-2012, según enmendada) 234 (Instituto para el Desarrollo del Derecho, Inc., 2026 ed.). Tellingly, in defining what is included in a leadership relationship of religious belief, Prof. Nevares-Muñiz states that a leadership position of religious belief would include a minister, pastor, imam, priest, a teacher or **a sports team coach** within the religious group. Id. at 235 (emphasis added). The Court finds this list instructive. Because a coach is considered a leadership position within the religious belief, to find that a secular sports coach cannot be considered to be in a leadership position “of any kind with the victim” is absurd because the residual clauses modify the phrase “leadership position,” not “of a religious belief.” Accordingly, the Court will not strike the residual clauses in section 5191(h) and section 5194(g).

Torres also argues that section 5194(d) should be excluded because it cannot serve as a predicate offense due to how the Puerto Rico Supreme Court has defined it. (Docket No. 178 at

p. 2.) Section 5194(d) states, "any person who purposefully, knowingly or recklessly, without intending to consummate the crime of sexual assault . . . subjects another person to an act which tends to arouse, excite, or satisfy the sexual passion or desires of the accused . . . shall be punished . . . [i]f the victim was compelled by the use of deceptive means that nullified or substantially diminished, without their knowledge, their capacity to consent." P.R. Laws Ann. tit. 33, § 5194(d).

First, the Puerto Rico Supreme Court holds that, pursuant to section 5194(d), the accused compels, i.e. forces, the victim to the lascivious act. Therefore, the subsection begins with the premise that the victim does not want to perform the lascivious act. Pueblo v. Lugo Fabre, 2010 PRSC 78 (P.R. 2010). The compulsion must be done through deceptive means. The Puerto Rico Supreme Court further explained that to use "deceptive means" covers situations in which the accused induced the victim's consent to the lascivious act by making a false representation or fraudulent action. Id. The deceptive means, therefore, vitiates the victim's consent. Id. An accused can use a deceptive means by pretending to being doing another act or making a false representation. Id. Pursuant to section 5194(d), defendant must use deceptive means to commit the lascivious act itself, that is,

the lascivious act must have been committed by virtue of a false representation.

The government requests that the Court address this request once all evidence has been presented. (Docket No. 183.) Torres opposes this request because "[p]resumably the initial instructions to the jury will identify the modalities that the government is relying on." (Docket No. 186 at p. 2.) "When crafting jury instructions [however] a judge must consider all of the evidence introduced at trial, in other words, the government's as well as the defense's." United States v. Howard, 687 F.3d 13, 19 (1st Cir. 2012). Accordingly, the Court will determine if section 5194(d) should be stricken from the jury instructions once all evidence has been presented. To assuage Torres' concern, the Court does not intend to give the modalities to the jury in the preliminary instructions; only a definition of "deception" and of what encompasses "sexually explicit conduct."

Finally, Torres seems to argue that the government's proposed general verdict form should be rejected because the underlying offenses - section 5191 (sexual assault) and section 5194 (lascivious acts) - have mutually exclusive intents and the jury must unanimously agree which underlying offense Torres committed. (Docket No. 148 at p. 5.) This Court has already indicated that the underlying criminal offense is not an element of

section 2423(a), but only a means of showing that the pursued sexual activity was criminal. (Docket No. 123.) Furthermore, because the underlying sexual act is not itself an element of the offense, but rather a means by which an element may be met, jury unanimity on how the criminal sexual activity may have been accomplished is not required. See United States v. Gordon, 713 F. App'x 424, 430 (6th Cir. 2017) (explaining a special unanimity jury instruction is not required when evidence is not exceptionally complex or the alternative specifications are contradictory or unrelated, there is no variance between the indictment and the proof at trial or there is no risk of jury confusion); see also United States v. Hart, 635 F.3d 850, 855-56 (6th Cir. 2011) (holding that the structure of section 2422(b), which is similar to section 2423(a), does not require jury to unanimously agree on the specific means with which defendant may have completed the element of "criminal sexual activity" in the offense).

Accordingly, the Court **DENIES** Torres' motion to strike the residual clauses (Docket No. 148) and **GRANTS IN PART** Torres' supplemental motion. (Docket No. 178.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 28, 2026.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE